IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:20-cr-00760 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| **DELANCE D. TYLER,** | ORDER |
| **Defendant** | |

Currently pending are the following motions filed on November 28, 2020: 1.) Defendant Delance Tyler's ("Defendant') Motion for Disclosure of Impeaching Information ("Defendant's First Motion") (Doc. No. 16); and 2.) Defendant's Motion for Production of Favorable Evidence ("Defendant's Second Motion") (Doc. No 17). On December 15, 2020, the United States of America ("the Government") filed its Response in Opposition to Defendant's First Motion and Defendant's Second Motion ("the Government's Response") (Doc. No. 19). Defense counsel represented to this Court that he would not be filing any replies in support of Defendant's two motions. Accordingly, they are ripe for a decision.

In Defendant's First Motion, and citing *Brady v. Maryland,* 373 U.S. 83 (1963) for the general proposition that due process requires the Government to not suppress evidence favorable to the accused or discrediting to its own case, Defendant moves this Court to issue an order directing the Government to investigate and disclose all impeaching information and evidence within its possession, custody and control, the existence of which is known, or by the exercise of due diligence, could be known, as follows:

1. Any and all consideration of promises or consideration given to, or made on behalf of, government witnesses which could arguably create an interest or bias in the witness in favor of the State or against the defense or acts as an inducement to testify[1] or;

2. Any and all prosecution, investigations or possible prosecutions pending or which could be brought against the witness and probationary, parole, or deferred prosecution status of the witness;[2]

3. Any and all records and information revealing felony convictions attributed to this witness[3];

4. Any and all records and information showing prior misconduct or bad acts committed by the witness; and

5. Any and all personnel files concerning witnesses.[4]

(Doc. No. 16, PageID #s 50-51.)

In Defendant's Second Motion, Defendant asks this Court to order the production of exculpatory materials pursuant to the mandate of *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed. 215 (1963), as follows:

1. The name and address of every person whom the government has interviewed in connection with this case, but whom it does not intend to call as a witness at trial;

2. Every witness statement or transcript, recording, summary, or notes of oral statements given by any person described in one above.

3. Material of any kind whatsoever bearing upon the guilt or innocence of the Defendant or upon the credibility of any witness or the reliability of and tangible evidence;

4. State whether any payment or grant or promise of immunity or any other favorable consideration direct or indirect, has been made to any witness or other person in connection with the investigation or prosecution of this case; and

---

[1] Defendant cites *Giglio v. United States*, 405 U.S. 150 (1972) in support of his right to this information.  (Doc. No 16, PageID # 3.)
[2] Defendant cites *United States v. Bonnano*, 430 F.2d 1060 (C.A. 2, 1970), *certiorari denied* (1970), 400 U.S. 964, *United States v. Padgen*, 432 F. 2d 701 (C.A. 2, 1970), and *Davis v. Alaska*, 415 U.S. at 316 in support of his right to this information.  (Doc. No. 16, PageID # 4.)
[3] Defendant cites Fed. R. Evid. 609 for his proposition that such information is admissible and *United States v. Michaelson*, 412 F.2d 178 (C.A. 1969), *certiorari denied* (1970), 397 U.S. 927, and *Craft v. United States*, 403 F.2d 369 (C.A. 9, 1968), in support of his right to this information.  (Doc. No. 16, PageID # 4.)
[4] Defendant cites *United States v. Deutsch*, 475 F.2d 55 (C.A. 5, 1973) in support of his right to this information. (Doc. No. 16, PageID # 5.)

> 5. If the answer to four above is in the affirmative, Defendant requests the name, address, ad telephone number of each person who received or benefited from such payment, grant or promise, and to be permitted to inspect and copy every document or paper in the possession of the government which authorizes, approves, implements, or evidences such payment, promise or grant.

(Doc. No. 17, PageID #s 56-57.)

In the Government's Response, it represents that police did not interview or take statements from any civilians, and there are no confidential sources associated with the investigation in this matter. (Doc. No, 19, PageID # 62.) Further, the Government assets that it disclosed all discovery material to defense counsel in its possession on December 3, 2020, with FedEx delivery confirmation on December 4, 2020, and included with the discovery material it provided to defense counsel were police reports, laboratory submissions and reports, a search warrant for Defendant's cell phones, subpoena returns, cell phone downloads, and photographs. (Doc. No 19, PageID #s 62-63.)

In the Government's Response, it asserts that the information that Defendant requests this Court to require the Government to provide to him does not exist, and even if it did, the materials delineated in Defendant's First Motion and Defendant's Second Motion that Defendant seeks amount to *Jencks* and *Giglio* information which, at this juncture, the Government is not obligated to provide.

Indeed, in the Government's Response, the Government acknowledges its obligations under *Brady* and *Giglio*, but cites *United States v. Presser*, 844 F.2d at 1245, 1284 (6th Cir. 1988)) for its argument that Defendant is not entitled to such information immediately, but only in sufficient time to permit the defendant to make effective use of that material at trial. (Doc. No. 19, PageID # 65.) Moreover, the Government argues that it does not have a duty to disclose items that it does not possess and does not have a duty to obtain evidence that it does not possess, citing

*United States v. Warren*, No. o17-6297, 2019 WL 3545449, at *3 (6th Cir. Aug. 5, 2019), *United States v Graham*, 484 F.3d 413, 417 (6th Cir. 2007), and *Goff v. Bagley*, 601 F.3d 445, 476 (6th Cir. 2010). This Court agrees with the Government. As the Government argued, even if there were prior statements of witnesses to disclose, or any agreements or promises of favorable consideration, Defendant has not shown any cause for early disclosure of pre-trial material. And, the Government has assured this Court and Defendant that should it identify a civilian or confidential witness that it intends to call at trial, it will comply with its obligations to disclose impeachment information and prior statements as it is required to do pursuant to *Giglio*, *Brady*, Fed.R.Crim.P. 26.2.

Accordingly, Defendant's First Motion and Second Motion are DENIED without prejudice to be re-filed in the event Defendant develops a specific, articulable discovery claim that requires Court intervention.

**IT IS SO ORDERED.**

Date: December 30, 2020

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE